NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHARLES STRUEBING, *Petitioner*.

No. 1 CA-CR 18-0732 PRPC
FILED 6-23-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2009-048714-001
CR2009-122465-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Charles Struebing, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1          Petitioner Charles Struebing seeks review from the superior court's dismissal of his of-right petition for post-conviction relief ("PCR"), filed pursuant to Arizona Rule of Criminal Procedure 32.1.   For the following reasons, we grant review and deny relief.

## BACKGROUND

¶2          In 1993, Arizona adopted truth-in-sentencing laws that, inter alia, eliminated parole for first-degree murders committed on or after January 1, 1994.  *See State v. Rosario*, 195 Ariz. 264, 230, ¶ 26 (App. 1999). Despite these legislative changes, prosecutors continued to make plea offers stipulating to the possibility of parole after 25 years, defendants accepted the plea offers, and for more than two decades judges sentenced defendants in accordance with those plea agreements.  *See* Letter from Douglas Ducey, Ariz. Governor, to Michele Reagan, Ariz. Sec'y of State (Apr. 30, 2018), available at https://www.azleg.gov/govlettr/53leg/2r/sb1211.pdf.

¶3          In 2014, Struebing pled guilty to first-degree murder and armed robbery.  Consistent with the terms of his plea agreement, the superior court sentenced him to life with the possibility of parole after 25 years for the murder conviction and a concurrent 21-year term for the armed robbery conviction.

¶4          After becoming aware of plea agreements similar to Struebing's in early 2018, the legislature enacted Arizona Revised Statutes ("A.R.S.") section 13-718 to prevent these sentences from being overturned. *See* Letter from Governor to Sec'y of State.  Section 13-718 validates plea agreements containing parole eligibility stipulations for defendants "sentenced at any time from and after January 1, 1994 and on or before August 3, 2018."  A.R.S. § 13-718(B).  The legislature also amended related statutes governing parole, such as A.R.S. § 41-1604.09(I).

¶5        In July 2018, Struebing filed his PCR, alleging (1) the superior court violated his constitutional rights to self-representation; (2) his sentence was "not in accordance with the sentence authorized by law in Arizona" because parole was not available under A.R.S. § 41-1604.09(I) at the time he signed the plea; (3) his attorney was ineffective for several reasons; and (4) he had been denied certain hearings.  The State responded that Struebing waived all claims except those related to the legality of his sentence and counsel's purportedly ineffective assistance in securing the pleas.  As to these claims, the State argued that any illegality or prejudice was cured by the legislature's enactment of § 13-718 and amendment of related statutes.  The court agreed with the State's position and summarily dismissed the petition.  This petition for review followed.

## DISCUSSION

¶6        We review the superior court's decision regarding post-conviction relief for an abuse of discretion.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  Summary dismissal of a PCR is required when the court, "after identifying all precluded and untimely claims, . . . determines that no remaining claim presents a material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(d)(1).  To establish ineffective assistance of counsel, Struebing must show that his counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Failure to prove either of these prongs precludes defendants from relief.  *Id.* at 700.

¶7        Struebing first argues that trial counsel's performance was deficient because counsel advised him to accept a sentence that was not statutorily permitted at the time he signed the plea agreement.  But the sentencing provision Struebing accepted in his plea agreement is now enforceable under § 13-718.  Thus, we need not decide whether Struebing may have been able to succeed on this ineffective assistance of counsel claim before the enactment of § 13-718 because any prejudice Struebing may have suffered was negated by this legislative change.

¶8        Struebing asserts that regardless of the current validity of his plea under § 13-718, he is prejudiced because he signed the plea believing he would be subject to certain "release conditions provided and protected by law," including an in-person parole board hearing, the right to be informed of what he needed to do if parole was denied at the first hearing, and the right to a parole board hearing every six months.  We disagree.

Struebing's plea agreement did not reference any specific release conditions nor does he cite any portion of the record indicating he was promised these conditions as an inducement for signing the plea.

**¶9**          Struebing also argues his counsel was ineffective because counsel purportedly testified against him by sending a letter to the county attorney seeking a plea agreement.  Arizona Rule of Evidence 408 provides that evidence of "statement[s] made during compromise negotiations about the claim" are not admissible "to prove or disprove the validity . . . of a disputed claim or to impeach by prior inconsistent statement."  Ariz. R. Evid. 408(a)(2).  Thus, assuming without deciding that the contents of the letter demonstrate deficient performance, Struebing cannot establish prejudice because the letter could not be admitted as evidence of his guilt.

**¶10**          Finally, Struebing contends he was denied his constitutional right to self-representation.  As an initial matter, because this contention purports to challenge a non-jurisdictional defect in the superior court proceedings, he waived it when he pled guilty. *See State v. Reed*, 121 Ariz. 547, 548 (App. 1979).  Waiver aside, no factual support exists for Struebing's claim.  When he first filed his motion for self-representation, the superior court promptly addressed the request, noting it was not sure if Struebing intended to represent himself.  When he responded that the motion was to "plead to the jurisdiction of the Court," the court initially denied his motion; however, after speaking further with counsel and Struebing, the court decided to allow him time to discuss the motion with his counsel and decide what action he wanted to take.  At a subsequent hearing, the court revisited the motion, stressing the complexity of a capital proceeding and ordering competency evaluations to ensure Struebing was competent to represent himself.  Once the evaluations were completed, the court addressed the motion several more times, inquiring whether Struebing wanted his motion held in abeyance.  Either Struebing or his counsel agreed each time and no further request to be heard on the motion was made before the court accepted the plea agreement or during sentencing.  Struebing's constitutional right to self-representation was not violated.

**CONCLUSION**

**¶11**      The superior court did not abuse its discretion in summarily dismissing Struebing's PCR.  Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA